1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                      FOR THE DISTRICT OF OREGON

10  In Re:                        )    Bankruptcy Case
                                  )    No. 04-69352-aer7
11  GARY RICHARD WYNN and         )
    PAMELA ANN WYNN,              )    MEMORANDUM OPINION
12                                )
                    Debtors.      )
13  _____)

14       This matter comes before the court on the Chapter 7 Trustee's

15  (Trustee) motion for turnover of proceeds from a pre-petition sale of

16  Debtors' homestead.  The parties submitted pre-hearing briefs.  After a

17  scheduled hearing, at which there were no appearances, the matter was

18  taken under advisement.  Based upon the court's findings and conclusions

19  which follow, the trustee's motion will be denied.

20                              <u>Facts</u>:

21       The facts pertinent to this opinion are set forth in the parties'

22  briefs.  They do not appear to be in dispute.

23       Sometime in September, 2004, Debtors separated.  On November 2,

24  2004, Debtors sold their marital home and deposited $33,000 in their

25  attorney's trust account.  On November 30, 2004, Debtors filed their

26  Chapter 7 petition, herein, listing the $33,000 on Schedule B and

MEMORANDUM OPINION-1

1  claiming it as exempt proceeds on Schedule C pursuant to ORS 18.395.

2  Trustee objected to the exemption claim ". . .if either it is not

3  reinvested as required by the statute or if the home which was sold was

4  not the debtor's residence as required by ORS 18.395."[1]  On June 14,

5  2005, Debtors were divorced pursuant to a stipulated judgment of

6  dissolution entered in the Circuit Court of the State of Oregon for

7  Klamath County.

8          From the time of the sale in November, 2004, Debtors rented

9  separate housing.  During the year following the sale, Debtor Gary Wynn

10  (Gary) paid $6,000 in rent;  Debtor Pamela Wynn (Pamela) paid $1,643 in

11  rent.  On October 22, 2005, Pamela purchased a new home, using at least

12  $25,357 of the proceeds.  Gary did not purchase a new home within a year

13  of sale.[2]

14                                    Issue:

15          The issue here turns on the allocation and character of the

16  homestead exemption.  By implication, Trustee agrues that rent does not

17  qualify as "reinvestment".  She also contends that Pamela has spent more

18  than her share of the proceeds.[3]

---

19  [1] The objection contained a self-effectuating order if Debtors did not
20  timely request a hearing.  In fact, Debtors did not request a hearing.  Trustee
    does not press the effect of the self-effectuating order, probably because it
21  is couched in conditional language, the meaning of those conditions being the
22  issue here.

23  [2] It is unclear whether the monies paid as rent came from the $33,000 held
    in trust.  The underlying issue is the validity of Debtors' exemption claim.
24  Under FRBP 4003(c), Trustee has the burden of proof to show that the exemption
    is not properly claimed, Kelley v. Locke (*In Re Kelley*), 300 B.R. 11 (9th Cir.
25  B.A.P. (N.D. Cal.) 2003), thus she bears the consequences of any lack of proof.

26  [3] Trustee posits three scenarios: 1) Pamela is entitled to a $25,000
                                                          (continued...)

MEMORANDUM OPINION-2

Resolution of the issues here is governed by Oregon law.  The applicable statutory provisions are ORS 18.395(1) and (2).  At the time the main case was filed,[4] they provided as follows:

> (1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law.  The exemption shall be effective without the necessity of a claim thereof by the judgment debtor.  When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,000.  The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child, but the exemption shall not be impaired by:
>
> > (a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;
> >
> > (b) Removal or absence from the property; or
> >
> > (c) The sale of the property.
>
> (2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $25,000 or $33,000, whichever amount is applicable under subsection (1) of this section, if the proceeds are held for a period not exceeding one year and held with the intention to procure another homestead therewith.

In order to exempt proceeds under ORS 18.395(2), two (2) conditions must be met.  First, the debtors must have a bona fide present

---

[3](...continued)
exemption and Gary an $8,000 exemption; 2) Pamela and Gary are each entitled to a $16,500 exemption; or 3) Pamela is entitled to an $8,000 exemption and Gary a $25,000 exemption. The third scenario would most benefit the bankruptcy estate.

[4] The homestead amounts have since been raised to $30,000 for a single debtor, and $39,600 for joint debtors. ORS 18.395(1) and (2) (2005).

MEMORANDUM OPINION-3

1  intent to invest the proceeds in another homestead; and 2) the debtors

2  must in fact reinvest those proceeds in another homestead within a year

3  of their receipt.  In Re Earnest, 42 B.R. 395, 397 (Bankr. D. Or. 1984)

4  (interpreting identical language in the former statute, ORS 23.240(2)).

5  Rent as Reinvestment:

6  Trustee addresses each debtor's entitlement to the exemption.

7  She argues Gary lost the exemption by not reinvesting within one year.[5]

8  This argument implies that rent is not reinvestment.  Debtors argue that

9  rent is reinvestment in reliance on Sticka v. Casserino, (In Re

10 Casserino), 379 F.3d 1069 (9th Cir. 2004).  In Casserino, the court held

11 a month-to-month tenancy can support an Oregon homestead exemption claim.

12 There, the court held that a security deposit and last month's rent

13 qualify as exempt under the homestead exemption.  Accordingly, it seems

14 clear that monthly rent also qualifies.  As such, the proceeds paid as

15 rent by Gary and Pamela are exempt.

16 Allocation:

17 Trustee argues, that despite Pamela's timely reinvestment of the

18 remaining $25,357 in a new homestead, a portion thereof is not exempt.

19 She argues, citing this court's opinion in In Re Meyers, Case

20 #698-63466-aer7 (Bankr. D. Or. Jan. 21, 1999)(unpublished)

21 (Radcliffe, J.), that any one debtor, subject to the joint exemption, is

22 not entitled to more than the maximum exemption amount for an individual

23 debtor (here $25,000).  Trustee's reliance on Meyers is misplaced.

24

25 

26 [5] Trustee does not question, and the court does not address, whether joint
debtors may reinvest in different properties, as here.

MEMORANDUM OPINION-4

In _Meyers_, each spouse filed a separate Chapter 7 case.  Each
sought to claim, in the same property, the $25,000 homestead exemption
then allowed a single debtor.  (_See_, former ORS 23.240(1).)  The
husband's case was filed first, his exemption was allowed.  The wife
filed while the husband's case was still open.  At the time, she was not
living in the homestead (her homestead claim was based on her vicarious
occupancy through her husband.)  The wife indicated she was either
contemplating or in the process of obtaining a divorce.  The main issue
was whether the husband and wife were "members of a household" (even
though they were living separately) for purposes of former ORS 23.240(1)
(now, ORS 18.395(1)), thereby limiting the exemption to the (then
$33,000) maximum for joint debtors.  This court held the husband and wife
were members of the same household, thereby limiting the wife to an
$8,000 exemption, because the husband had already been allowed a $25,000
exemption.  This court's rationale, after examining the statute's
legislative history, was that the household exemption for joint debtors
was for a "family purpose" and that a married couple fit within that
purpose.

Contrary to Trustee's contention here, _Meyers_ did not limit how
the exemption should be allocated between the husband and wife. There,
because the husband had already been allowed a $25,000 exemption, the
court was compelled to limit the wife's exemption to $8,000 _vis a vis her
bankruptcy estate and creditors claiming therein_. Significantly, the
court recognized that the $25,000/$8,000 split was not binding between
the husband and wife, and that they were free "to seek an equitable
distribution of the aggregate $33,000 exemption as part of the

dissolution proceedings or otherwise." <u>Id</u>. at p. 9, n.3. Here, unlike <u>Meyers</u>, Gary and Pamela filed a joint case. They have only claimed the joint homestead exemption in the proceeds. Allowing them to allocate the proceeds as they choose is in fact contemplated, instead of contravened, by <u>Meyers</u>.

Trustee cites no other authority supporting her position. When interpreting an Oregon statute, the court looks first to its text, in context. <u>Premier West Bank v. GSA Wholesale, LLC</u>, 196 Or. App. 640, 649, 103 P.3d 1169, 1175 (2004). As to allocation of homestead proceeds between joint debtors, ORS 18.395 is silent.

Where a statute's language is not determinative, the court may then look to legislative history. <u>Id.</u> As noted in <u>Meyers</u>, the joint (household) exemption was added to Oregon's homestead statute in 1975. Or. Laws 1975, c.208, § 5. None of the legislative history reviewed by the court, (see discussion in <u>Meyers</u>), addresses the allocation issue at bar.[6]

If legislative history is to no avail, the court may look to other interpretive aids. <u>Id.</u> In that regard, the courts have traditionally construed Oregon's homestead exemption in a "liberal and humane manner," <u>Casserino</u>, <u>supra</u> at 1072, remembering the homestead exemption's purpose is to "assure to the unfortunate debtor . . . the shelter and influence of home." <u>Id</u>. With that policy in mind, the court

---

[6] The requirements as to the one year holding period and intent to reinvest were enacted in substantially their current form in 1919. Or. Laws 1919, c.112, § 1 (codified in Or. Laws § 221(Olson 1920)). Then, there was only a single exemption, thus allocation amongst joint debtors was not a relevant consideration.

MEMORANDUM OPINION-6

concludes that Debtors may allocate the proceeds here at their discretion[7].

The above constitute the court's findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated.

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge


### 

---

[7]The court rejects Trustee's alternative argument, that Debtors should somehow be penalized because they did not keep the Trustee apprised of their reinvestment, nor did they obtain a court order authorizing same.  There is nothing in the record except Trustee's bare argument indicating Debtors failed to keep Trustee advised.  Trustee has the burden to show the exemption is not properly claimed. FRBP 4003(c).  In the case at bar, the proceeds were fully disclosed on Schedule B as being in Debtors' attorney's trust account.  In any case, there was no prejudice to the estate. The proceeds were all reinvested appropriately.

MEMORANDUM OPINION-7